CHARLES J. WEBB, JR. and )
TAMMY WEBB, )
                     )
       Plaintiffs, )
                     )
v. )      No.:    3:25-CV-229-TAV-DCP
                     )
BUC-EE'S TENNESSEE II, LLC, *et al*., )
                     )
       Defendants. )

## <u>MEMORANDUM OPINION AND ORDER</u>

This civil matter is before the Court on plaintiffs' Motion to Amend Complaint [Doc. 18]. Defendant Buc-ee's Tennessee II, LLC ("Buc-ee's) responded [Doc. 19], and plaintiffs replied [Doc. 22]. Also pending before the Court is plaintiffs' Supplemental Motion in Support of Motion to Amend Complaint, or, Alternatively, Motion for Voluntary Dismissal [Doc. 26], to which defendants responded [Docs. 28, 29]. Accordingly, this matter is ripe for resolution. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, plaintiffs' motions [Docs. 18, 26] are **DENIED.**

## I.      Background

This is a negligence and products liability action. The complaint alleges that on or about February 3, 2025, plaintiff Charles Webb was working for Buddy Green Logistics, a contractor for FedEx, and sustained serious injuries while backing his truck up to the Buc-ee's loading dock to unload it [Doc. 1-1 ¶¶ 8–9, 16]. Plaintiffs allege that a mechanism installed at the loading dock to secure trucks in place caused Mr. Webb's truck to get stuck [*Id.* ¶ 9]. Plaintiffs assert that while Mr. Webb was attempting to release his truck from the

mechanism, a Buc-ee's employee simultaneously attempted to activate/deactivate the mechanism [*Id.* ¶ 10]. Mr. Webb's truck detached and ran over his foot, pinning him between the truck and the wall [*Id.*]. Plaintiffs initially filed this action in the Circuit Court for Sevier County, Tennessee, on April 15, 2025, alleging that Buc-ee's was negligent in designing, installing, maintaining, and operating a defective and inherently dangerous loading dock mechanism [*Id.* ¶¶ 17–31]. Further, plaintiffs allege that Buc-ee's did not provide warnings or instructions to Mr. Webb on how to use the mechanism with the truck he was driving [*Id.* ¶¶ 11, 24]. As a result, plaintiffs seek recovery for personal injuries, damages, medical bills, and expenses, and plaintiff Tammy Webb seeks to recover loss of consortium [*Id.* ¶¶ 14–15].

On May 27, 2025, Buc-ee's filed a notice of removal based on diversity jurisdiction [Doc. 1]. Plaintiffs filed a Motion to Amend the Complaint on November 26, 2025 [Doc. 18]. Plaintiffs attached the proposed amended complaint, in which they added a products liability claim against 4Front Engineered Solutions, Inc. d/b/a/ Serco ("4Front"), a Wisconsin corporation with its principal place of business in Carrollton, Texas, and ASSA ABLOY Entrance Systems US, Inc. ("ASSA"), a New Jersey Corporation with its principal place of business in Monroe, North Carolina [Doc. 18-1 ¶¶ 4–5, 83–89].

Plaintiffs also added a negligent installation, inspection, maintenance, and training claim against Wm. S. Trimble Company, Inc. d/b/a Overhead Door of Knoxville ("Trimble"), a Tennessee corporation, and CNC Door Company, Inc. d/b/a Door Systems ASSA ABLOY ("CNC Door"), a North Carolina corporation with a principal place of business in Huntersville, North Carolina [*Id.* ¶¶ 6–7, 90–98]. Mrs. Webb alleged a loss of

2

consortium claim against all defendants [*Id.* ¶¶ 99–102]. Plaintiffs allege that they are citizens and residents of Hamblen County, Tennessee, and Buc-ee's is a Delaware limited liability company [*Id.* ¶¶ 1–2, 7]. On January 30, 2026, plaintiffs filed a state court action against Trimble in the Sevier County Circuit Court and a second federal action against 4Front, ASSA, and CNC Door [Doc. 26-3; Doc. 27]. Thereafter, this Court entered an order consolidating the two federal actions [Doc, 27]. As a result, all defendants that plaintiffs sought leave to join are now parties to this action, except Trimble.

## II. Legal Standard

"After the twenty-one-day period during which a party may amend as a matter of course, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Lewis v. Walker*, No. 3:16-CV-486, 2017 WL 3613033, at *4 (E.D. Tenn. Aug. 22, 2017) (quoting Fed. R. Civ. P. 15(a)(2)). Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave is appropriate '[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.'" *Lewis*, 2017 WL 3613033, at *4 (quoting *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003)).

## III. Analysis

### A. Joinder of Trimble

Since 4Front, ASSA, and CNC Door have been joined to the action through the consolidation order, the Court must now address whether plaintiffs should be granted leave

3

to join Trimble [*See* Doc. 27].  There appears to be no dispute that, because Trimble is a Tennessee corporation, its joinder will destroy complete diversity and divest this Court of subject-matter jurisdiction [*See* Doc. 18-1].

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Therefore, "courts are given discretion to determine whether to grant motions to amend after removal that destroy[s] diversity jurisdiction."  *Gieringer v. Cincinnati Ins. Cos.*, No. 3:08-CV-267, 2008 WL 4186931, at *2 (E.D. Tenn. Sept. 5, 2008).  "In deciding whether to permit joinder that would destroy diversity, district courts in this circuit generally consider: '(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors."  *Smoky Mtn. Knife Works, Inc. v. Forward Motion Media, LLC*, No. 3:13-CV-448, 2015 WL 1608785, at *3 (E.D. Tenn. Apr. 10, 2015) (quoting *Davis v. Owners Ins. Co.*, 29 F. Supp. 3d 938, 943 (E.D. Ky. 2014)).  "District courts also 'take into account the original defendant's interest in its choice of forum.'"  *Id.* (quoting *Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997)).  Ultimately, "[a]n analysis under § 1447(e) requires the balancing of the equities."  *Ivnes v. Novartis Pharm. Corp.*, No. 3:12-CV-191, 2013 WL 499211, at *2 (E.D. Tenn. Feb. 7, 2013).

Plaintiffs argue that the proposed amendment is not intended to defeat federal jurisdiction but to ensure that all claims arising from the same occurrence are litigated in a

4

single action [Doc. 18, p. 3; Doc. 26, p. 4]. Plaintiffs contend that Trimble played a direct and substantial role in the installation and selection of the loading dock mechanism at issue, and plaintiffs have not been dilatory in seeking joinder [Doc. 18, pp. 4–5; Doc. 26, p. 4]. Specifically, plaintiffs assert that they first received notice of Trimble's involvement in the matter on November 14, 2025, and they filed the motion to amend on November 26, 2025, prior to the deadline for motions to amend or join parties [*Id.*]. Additionally, plaintiffs state that they will be significantly prejudiced if the amendment is not permitted because their only other option is to file a state court action against Trimble, which would be inefficient, increase costs, and create a risk of inconsistent findings and fault allocations regarding the same incident [Doc. 18, p. 5; Doc. 26, p. 4]. Plaintiffs contend that equitable considerations favor joinder and remand because this case began in the state court and involves only Tennessee law claims, no depositions have occurred, and limited discovery has been exchanged [Doc. 18, p. 5, Doc. 26, pp. 4–5].

Buc-ee's responds that plaintiffs seek to assert a claim against Trimble in bad faith with the sole intention of defeating jurisdiction [Doc. 19, p. 3]. Moreover, Buc-ee's states that plaintiffs were dilatory in seeking joinder because Buc-ee's served plaintiffs with its initial disclosures on July 11, 2025, which identified Trimble as the "distributor" of the loading dock mechanism at issue [Doc. 19, p. 5; Doc. 29, p. 3]. Buc-ee's also contends that plaintiffs will not face prejudice if Trimble is not added because plaintiffs have expended resources filing two additional actions, including a state court action against Trimble, and liability can be apportioned to nonparties [Doc. 29, p. 4]. Finally, Buc-ee's

asserts that equitable factors weigh against joinder and remand because defendant has expended considerable time and expense defending this action in federal court [*Id.* at 4–5].

Plaintiffs reply that they have a good faith basis to assert a claim against Trimble because documents produced by Buc-ee's demonstrate that Trimble installed the loading dock mechanism [Doc. 22, p. 2]. Plaintiffs also state that they were not dilatory because the initial disclosures labeled Trimble as the "distributor" without specifying that Trimble was the distributor of the specific mechanism at issue [*Id.* at 4].

4Front, ASSA, and CNC Door separately respond that plaintiffs will not suffer prejudice if Trimble is not joined in this action because plaintiffs deliberately filed additional lawsuits in federal and state court [Doc. 28, p. 2]. They contend that liability may be apportioned to nonparties under Tennessee law, plaintiffs preserved their claims against Trimble in a separate proceeding, and joinder would reward forum manipulation [*Id.* at 2–3].

Turning to the first factor, the engineering drawings produced by Buc-cee's contain detailed instructions for the installation of the loading dock mechanism and identify Trimble as part of the project, demonstrating a good faith basis for plaintiffs' claim against Trimble [Doc. 22-1]. Therefore, the evidence does not favor a conclusion that the amendment joining Trimble is solely intended to defeat jurisdiction. *See Crail v. Elsmere Health Facilities*, Nos. 17-2-DLB-CJS/17-50-DLB-CJS, 2017 WL 2952274, at *8 (E.D. Ky. July 10, 2017) (finding that this factor supported amendment because there was a colorable basis for the claim).

However, the Court finds that plaintiffs were dilatory in seeking leave to amend their complaint to join Trimble. While plaintiffs claim that the degree of Trimble's involvement in the construction of the loading dock mechanism was unclear on July 11, 2025, the initial disclosures clearly identify Trimble as a "distributor" and state that Trimble "worked on, inspected, designed, engineered, installed, repaired, or operated the loading dock mechanism at issue" [Doc. 22-4]. Notwithstanding this knowledge, plaintiffs filed their motion to amend on November 26, 2025, approximately four and a half months later [*See* Doc. 18]. Thus, plaintiffs' argument that they did not have information to assert a claim against Trimble until Buc-ee's later served its discovery responses identifying Trimble as the distributor is unavailing [*See* Doc. 18, pp. 4–5]. *See Bounty Minerals, LLC v. Chesapeake Exploration, LLC*, No. 5:17-CV-1695, 2019 WL 928135, at * 3 (N.D. Ohio Feb. 26, 2019) (rejecting a plaintiff's argument that it lacked clarity about the exact role of the proposed additional parties until the most recent discovery responses were served); *see also Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) (finding that a plaintiff was dilatory in seeking amendment where he was aware of the facts underlying the proposed allegations and could have sought amendment sooner). Under these circumstances, the Court finds that plaintiffs' dilatory conduct weighs in favor of denying the amendment as to Trimble.

The third factor also weighs against joining Trimble to the action. Plaintiffs argue that they will face significant prejudice if they are required to file an action in state court against Trimble, but the record shows that they have already expended considerable time and resources filing two additional actions, including a pending state court action against

7

Trimble [*See* Docs. 26-3, 27].  *See Seaway Painting Co. v. Burlington Ins. Grp., Inc.*, No. 12-15496, 2013 WL 12183414, at *3 (E.D. Mich. Oct. 28, 2013) (denying a motion to amend and finding no prejudice where the plaintiff could sue the newly proposed defendants in a separate state court action).  Given that plaintiffs have preserved their claims against Trimble in a state court proceeding, the Court does not find that they will face significant prejudice if Trimble is not added to this action.  *See Bounty Minerals*, 2019 WL 928135, at * 3 (finding no prejudice and denying amendment where the plaintiff could file a separate action against the proposed non-diverse defendant in state court).

Next, plaintiffs argue that their only option if joinder is not permitted is to file a separate state court action against Trimble; however, comparative fault can be apportioned to a nonparty under Tennessee law.  *See Ferguson v. R.W. Fowler & Assocs.*, 18 F. App'x 372, 376 (6th Cir. 2001) (noting that "the jury may apportion fault between all tortfeasors, whether the tortfeasors are still parties or not"); *see also Carroll v. Whitney*, 29 S.W.3d 14, 21 (Tenn. 2000) ("[W]e join the vast majority of comparative fault jurisdictions that broadly permit allocation of fault to all persons involved in an injury-causing event").  Thus, plaintiffs can obtain a full recovery in this action without the addition of Trimble.

Lastly, equitable considerations weigh against adding Trimble to the action. Although this case originated in state court and it involves Tennessee law, the Court recognizes that defendants have a "'substantial interest in proceeding in a federal forum.'" *Glover v. Kia Motors Am., Inc.*, No. 2:17-CV-2825, 2018 WL 1976033, at *9 (W.D. Tenn. Apr. 25, 2018) (quoting *Cooper v. Thames Healthcare Grp., LLC*, No. 3:13-CV-14, 2014 WL 941925, at *5 (E.D. Ky. Mar. 11, 2014)); *see also Sexton v. G&K Servs., Inc.*, 51

F. Supp. 2d 1311, 1313 (M.D. Ala. 1999) ("Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes."). Here, Buc-ee's represents that written discovery has been exchanged and responded to by all parties in this action, and the record shows that Buc-ee's has expended significant time and resources removing this action and defending it in federal court [*See* Doc. 29]. *See Wells*, 950 F. Supp. at 201 (noting that courts "must take into account the original defendant's interest in its choice of forum"). Accordingly, equitable considerations weigh against permitting plaintiffs to amend their complaint to add Trimble to the action.

For these reasons, upon consideration of the relevant factors, the Court finds that permitting amendment to add Trimble, when such addition would destroy complete diversity in this case, is not supported, and plaintiffs' motion to amend [Docs. 18, 26] are **DENIED**.

### B.     Voluntary Dismissal

Plaintiffs alternatively request voluntary dismissal without prejudice, which they represent would not cause prejudice to defendants [Doc. 26]. In support, they argue that limited discovery has occurred, no depositions have taken place, no dispositive motions have been filed, and plaintiffs have not been dilatory in prosecuting the action [*Id.* at 5–6]. Plaintiffs contend that it would be more efficient to litigate all claims arising from the same occurrence in a single action in state court [*Id.* at 6].

Buc-ee's responds that voluntary dismissal would create prejudice because Buc-ees has spent time and expense in removing this action and defending it in federal court, and voluntary dismissal would function as a "de facto remand" of the case [Doc. 29, p. 6].

9

4Front, ASSA, and CNC Door respond that plaintiffs' request for dismissal is based only on a preference to litigate in state court, and it would cause prejudice by depriving defendants of a federal forum to which they are entitled [Doc. 28, p. 3].

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Whether dismissal should be granted under . . . Rule 41(a)(2) is within the sound discretion of the district court." *Douglas v. Johnson & Johnson Consumer, Inc.*, No. 1:17-CV-270, 2018 WL 1545735, at *1 (E.D. Tenn. Mar. 29, 2018) (quoting *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). Generally, "courts should grant voluntary dismissals without prejudice only in the absence of plain legal prejudice." *Id.* (citing *Matthews v. Tenn. Bd. of Prob. & Parole*, No. 1:07-CV-46, 2008 WL 2609160, at *3 (E.D. Tenn. June 26, 2008)).

As fully explained above, voluntary dismissal would create legal prejudice because Buc-ee's has spent a significant amount of time defending this action in federal court, and plaintiffs have been dilatory in seeking to join Trimble to the action. *See infra* Section III.A. Moreover, granting voluntary dismissal would permit plaintiffs to circumvent the Court's determination that joiner of Trimble and remand are not appropriate. Therefore, the Court does not find that voluntary dismissal is proper.

## IV. Conclusion

For the reasons explained above, plaintiffs' Motion to Amend Complaint [Doc. 18] and Supplemental Motion in Support of Motion to Amend Complaint, or, Alternatively, Motion for Voluntary Dismissal [Doc. 26] are **DENIED.** As a result, the stay in this case

10

is hereby **LIFTED.** The parties are **ORDERED** to jointly file a proposed amended scheduling order within **ten (10) days** of the entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE